UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BRANDIE ROBERTS, individually, and as next friend of L.S., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )    Case No. 4:24-cv-04176-SLD-JEH ) |
| DEPARTMENT OF CHILDREN AND FAMILY SERVICES, MISTY LAMPLEY, ASHLEIGH RUARK, DENISE SIMKINS, GALESBURG POLICE DEPARTMENT, CITY OF GALESBURG, OFFICER MICHAEL INGLES, OFFICER AMBER SCHLOMER, BERG'S TOWING AND AUTOMOTIVE INC., OFFICER FOX, JASON JORDING, and JOHN DOES 1-5, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

ORDER

Before the Court is Plaintiff Brandie Robert's Emergency Petition for Injunctive Relief and Temporary Restraining Order ("Emergency Petition"), ECF No. 7.[1] Plaintiff filed a civil complaint against Defendants asserting violations of the Fourth and Fourteenth Amendments to the United States Constitution as well as civil conspiracy and retaliation claims. Redacted Compl., ECF No. 5.[2] Plaintiff's claims arise from an ongoing Department of Children and

---

[1] The Court has already held that it cannot consider the Emergency Petition as a motion for a temporary restraining order because Plaintiff did not comply with Federal Rule of Civil Procedure 65(b)(1) for proceeding without notice to the adverse party or its attorney. *See* First Oct. 16, 2024 Text Order. Thus, the Court considers this only as a motion for a preliminary injunction. Plaintiff avers that she provided copies of her Emergency Petition, Affidavit in Support of Emergency Motion for Temporary Restraining Order, ECF No. 8, and Complaint to certain Defendants in the following ways: (1) Galesburg Police Department, Jason Jording, Officer Amber Schlomer, and Officer Michael Ingles by hand delivery to a police officer, identified as "Badge #7077" on October 16, 2024; (2) Ashleigh Ruark, Denise Simpkins, Misty Lampley, and the Department of Children and Family Services by hand delivery to "Sadie" at the Galesburg office of the Department of Children and Family Services; and (3) Ruark, Jording, and "Chief of Police Russel Idle," via an email sent on October 16, 2024 at "5:02 Am," which the Court presumes was a typo and meant to be 5:02 PM. *See* Not. Service Efforts, ECF No. 9.
[2] Plaintiff's original complaint, ECF No. 1, was sealed due to violation of local and federal rules on redaction. Plaintiff was directed to file a redacted version of her complaint. The redacted complaint was filed using the motion

Family Services ("DCFS") investigation involving Plaintiff's son, L.S., a January 2024 arrest and search of Plaintiff's home/bus, a February 2024 search of and resulting damage to Plaintiff's home/bus, and a petition to make Plaintiff's son a ward of the court.

In her Emergency Petition, Plaintiff requests an order: 1) enjoining DCFS from initiating or continuing investigating her or filing actions against her based either on a conviction which has been vacated or unsupported allegations and from retaliating against her; 2) prohibiting DCFS from taking action to remove her son from her care; 3) prohibiting DCFS from relying on vacated convictions and unsupported allegations; 4) "preventing DCFS from conducting further drug tests, investigations, or home visits without a properly issued court order based on current probable cause and reasonable justification"; and 5) directing DCFS to dismiss the petition for wardship and "any other pending actions against Plaintiff that are based on unconstitutional grounds." Emergency Petition 31–32.[3] She also requests attorneys' fees and costs. *Id.* at 32. Plaintiff represents that a hearing on the petition to make L.S. a ward of the court is scheduled for Friday October 18, 2024. *Id.* at 3.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[A]lthough the party seeking the injunction need not demonstrate likelihood of success by a preponderance of the evidence, that party must nevertheless make a strong showing that reveals how it proposes to prove its case. Similarly, a mere possibility of irreparable harm will not suffice." *Bevis v. City of Naperville*, 85 F.4th 1175,

---

to amend event on CM/ECF but is not a motion, so the Clerk is directed to terminate it as pending and to modify the docket text to reflect that this is the redacted complaint. The Court notes that although the original complaint was eight pages long and the redacted version is only six, the difference appears to be merely formatting.
[3] The Emergency Petition is unpaginated, so the Court uses the page numbers generated by CM/ECF.

2

1188 (7th Cir. 2023) (quotation marks omitted).  The irreparable harm inquiry involves considering whether "traditional legal remedies would be inadequate, such that [the movant] would suffer irreparable harm without injunctive relief." *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 843 (7th Cir. 2023).  If the movant satisfies the required showings of likelihood of success and irreparable harm, "the court weighs the harm of denying an injunction to the movant against the harm of granting an injunction to the nonmovant," and uses "a sliding scale—the greater the movant's likelihood of success on the merits, the less the harms need be in its favor." *Id.* at 844.  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks omitted).

      The Court need not wade too far into the specifics here because Plaintiff has not met her burden to make a clear showing that she will be injured absent a preliminary injunction.  To obtain preliminary relief, Plaintiff must show that "irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22.  Here, the future harm Plaintiff argues she will suffer is "the imminent risk of losing custody of her son." Emergency Pet. 3.  However, the Court has too little information to find that there is likely irreparable harm here.  The Juvenile Court Act of 1987 indicates that a petition "alleg[ing] that it is in the best interests of the minor and of the public that the minor be adjudged a ward of the court" may be filed.  705 ILCS 405/2-13(3).  The petition must allege that the minor is neglected, abused, or dependent and "may pray generally for relief available under th[e] Act." *Id.* at 2-13(2), (3).  "The petition need not specify any proposed disposition following adjudication of wardship." *Id.* at 2-13(3).  This is what the petition the Court was provided does—it requests that L.S. be adjudicated a ward of the court but not specify any further relief or disposition the State seeks.   If termination of parental rights was

requested, the petition would have needed to so state. 705 ILCS 405/2-13(4). The Juvenile Court Act specifies procedures for how such a petition proceeds to a final decision. *See id.* at 2-13–2-22. Moreover, even if a minor is a ward of the court, he may remain in his parents' custody. *See id.* at 2-23(1). The Court only knows that a petition was filed; it does not know what stage the proceeding is in or what relief the State is ultimately seeking and how that impacts Plaintiff's parental rights. Accordingly, it cannot find that there is a likelihood of irreparable harm absent preliminary relief.

   The Emergency Petition for Injunctive Relief and Temporary Restraining Order, ECF No. 7, is accordingly DENIED.

Entered this 17th day of October, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
