E-FILED
Wednesday, 14 May, 2025  01:58:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BRANDIE ROBERTS, | ) | |
| | ) | |
| Plaintiff,[1] | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-04176-SLD-RLH |
| | ) | |
| ILLINOIS DEPARTMENT OF CHILDREN | ) | |
| AND FAMILY SERVICES (DCFS), MISTY | ) | |
| LAMPLEY, ASHLEIGH RUARK, DENISE | ) | |
| SIMKINS, CITY OF GALESBURG, | ) | |
| ILLINOIS, BERG'S TOWING AND | ) | |
| AUTOMOTIVE INC., OFFICER AMBER | ) | |
| SCHLOMER, OFFICER MATTHEW | ) | |
| INGLES, OFFICER FOX, OFFICER | ) | |
| WOODBURY, OFFICER RUGGLES, | ) | |
| LIEUTENANT KISLER, LIEUTENANT | ) | |
| VANAKEN, DEPUTY CHIEF LEGATE, | ) | |
| CHIEF RUSSELL IDLE, TAMI | ) | |
| MATEJEWSKI, DANIEL KOERNER, | ) | |
| JONATHAN FOX, ERIC HANSEN, JASON | ) | |
| JORDING, JUDGE CHAD LONG, | ) | |
| UNIDENTIFIED STATE'S ATTORNEY | ) | |
| OFFICIALS, JOHN DOES 1–5, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Before the Court is Plaintiff Brandie Roberts's Emergency Petition for Temporary

Restraining Order and Injunctive Relief ("Second Emergency Petition"), ECF No. 30.[2]  The

---

[1] Plaintiff's Emergency Petition for Temporary Restraining Order and Injunctive Relief ("Second Emergency Petition") is unpaginated, so the Court uses the page numbers generated by CM/ECF.  *See generally* Second Emergency Pet., ECF No. 30.  Plaintiff purports to proceed as the next friend of her minor child, L.S.  *Id.* at 1.  A parent may not litigate an action *pro se* on her child's behalf.  *See, e.g.*, *Foster v. Bd. of Educ. of Chi.*, 611 F. App'x 874, 877 (7th Cir. 2015) (collecting cases).  Plaintiff may not premise her requested relief on claims or rights properly belonging to L.S.

[2] As with Plaintiff's first request for emergency and extraordinary equitable relief, ECF No. 7, the Court construes Plaintiff's Second Emergency Petition solely as a motion for a preliminary injunction and not a temporary restraining order because Plaintiff did not comply with the requirements of Federal Rule of Civil Procedure 65(b)(1) for proceeding without notice to adverse parties or their attorneys.  *See* Oct. 17, 2024 Order 1 n.1, ECF No. 10 (citing First Oct. 16, 2024 Text Order).  Plaintiff asserts that she served the Second Emergency Petition to certain

Court previously denied Plaintiff's first request for this equitable relief, Oct. 17, 2024 Order 1–4, ECF No. 10, and also dismissed in part Plaintiff's Redacted Complaint[3] for failure to state a claim, Jan. 29, 2025 Order 1–12, 16, ECF No. 16. The Court's merit review of Plaintiff's Amended Complaint, ECF No. 28, is currently pending. *See* Mar. 13, 2025 Text Order. Plaintiff's allegations concern the Illinois Department of Children and Family Services ("DCFS") and its employees; the City of Galesburg ("Galesburg") and its police officers, property compliance officers (both identified and unidentified John Does), city manager, and city attorney; state-court Judge Chad Long; as well as unidentified State's Attorney officials. *See, e.g.*, Am. Compl. 1–2. Plaintiff alleges that these entities and individuals have engaged in a broad campaign of harassment against her and her minor son, L.S., thereby abusing their positions to undermine her parent-child relationship with L.S. and unlawfully deprive her of her property and rights. *See generally id.*

In her Second Emergency Petition, Plaintiff requests wide-ranging relief addressed to a hearing purportedly scheduled for May 22, 2025 in a juvenile case concerning L.S. Specifically, she requests: (1) "a TRO [Temporary Restraining Order] staying the May 22, 2025 hearing in Knox County Case No. 2024JA26"; (2) an order enjoining "DCFS from relying on vacated convictions, false evidence, or unlawful searches"; (3) an order prohibiting "the use of discovery not provided to Plaintiff"; (4) an order restraining "Judge Long and all Defendants from further

---

email addresses, including the two attorneys who have filed appearances in this case, "via Electronic Filing . . . by the [C]ourt's pro se filing system." Certificate Service, ECF No. 30-1. E-mails sent to the Court's *pro se* e-mail address are not automatically served on opposing parties. The Court granted Plaintiff CM/ECF access and directed her to register for electronic filing. Oct. 2, 2024 Text Order (Hawley, M.J.). Plaintiff's correspondence with the Court's *pro se* e-mail address included improper attachments, such as .zip files and external links. The Court requires Plaintiff to make future filings herself via CM/ECF to ensure that her exhibits are properly formatted and that the Court may review her submissions. *See* Civil LR 5.4(A) ("Registered users must file all document electronically using CM/ECF unless these Rules provide otherwise.").
[3] Plaintiff's original Complaint, ECF No. 1, was sealed due to violation of local and federal rules on redaction. Plaintiff was directed to file a redacted version of her complaint. Oct. 2, 2024 Text Order (Hawley, M.J.).

participation until conflicts of interest are resolved"; (4) an order authorizing "temporary

relocation with L.S. pending resolution of this case"; and (5) that the Court schedule "a

preliminary injunction hearing within 14 days."  Second Emergency Pet. 19.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v.*

*Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "[A]lthough the party seeking the injunction

need not demonstrate likelihood of success by a preponderance of the evidence, that party must

nevertheless make a strong showing that reveals how it proposes to prove its case.  Similarly, a

mere possibility of irreparable harm will not suffice."  *Bevis v. City of Naperville*, 85 F.4th 1175,

1188 (7th Cir. 2023) (quotation marks omitted).  The irreparable harm inquiry involves

considering whether "traditional legal remedies would be inadequate, such that [the movant]

would suffer irreparable harm without injunctive relief."  *Grubhub Inc. v. Relish Labs LLC*, 80

F.4th 835, 843 (7th Cir. 2023).  If the movant makes the required showings of likelihood of

success and irreparable harm, "the court weighs the harm of denying an injunction to the movant

against the harm of granting an injunction to the nonmovant . . . using a sliding scale—the

greater the movant's likelihood of success on the merits, the less the harms need be in its favor."

*Id.* at 844.  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should

not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."

*Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks omitted).

As was the case with Plaintiff's first request for extraordinary equitable relief, the Court

finds that Plaintiff has not met her burden to make a clear showing that she will be irreparably

injured absent a preliminary injunction.  *See* Oct. 17, 2024 Order 3–4.  The Court previously

denied Plaintiff's request for a preliminary injunction because the attached juvenile petition requesting that L.S. be adjudicated a ward of the court did not detail "any further relief or disposition the State seeks." *Id.* The Second Emergency Petition contains no further details on the status of the juvenile petition. Therefore, the harms which Plaintiff asserts could result from the May 22, 2025 hearing are still speculative—far from the required showing that "irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22. Plaintiff invokes the long line of Supreme Court cases detailing the fundamental right to raise one's children, *see, e.g.*, Second Emergency Pet. 14 (citing *Troxel v. Granville*, 530 U.S. 57 (2000)), and further asserts that "[t]he Seventh Circuit has also recognized the profound harm of family separation," *id.* at 15 (citing *Doe v. Heck*, 327 F.3d 492, 520 (7th Cir. 2003)). But in that same case the Seventh Circuit recognized that "[t]he right to familial relations is not . . . absolute." *Heck*, 327 F.3d at 520. "The liberty interest in familial privacy and integrity is limited by the compelling governmental interest in the protection of children particularly where the children need to be protected from their own parents and does not include the right to be free from child abuse investigations." *Id.* (quotation marks omitted). The issue is not whether a wrongful adjudication of the juvenile petition would be harmful. Instead, the issue is that Plaintiff has not demonstrated what will even be adjudicated at the May 22, 2025 hearing, let alone a likely risk that such adjudication will be wrongful should the Court not intervene. Accordingly, the Court cannot find that there is a likelihood of irreparable harm absent preliminary relief.

The Emergency Petition for Temporary Restraining Order and Injunctive Relief, ECF No. 30, is accordingly DENIED.

Entered this 14th day of May, 2025.

4

s/ Sara Darrow

SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE