UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BRANDIE ROBERTS, ) | |
| ) | |
| Plaintiff,[1] ) | |
| ) | |
| v. ) | Case No. 4:24-cv-04176-SLD-RLH |
| ) | |
| ILLINOIS DEPARTMENT OF CHILDREN ) | |
| AND FAMILY SERVICES (DCFS), MISTY ) | |
| LAMPLEY, ASHLEIGH RUARK, DENISE ) | |
| SIMKINS, CITY OF GALESBURG, ) | |
| ILLINOIS, BERG'S TOWING AND ) | |
| AUTOMOTIVE INC., OFFICER AMBER ) | |
| SCHLOMER, OFFICER MATTHEW ) | |
| INGLES, OFFICER FOX, OFFICER ) | |
| WOODBURY, OFFICER RUGGLES, ) | |
| LIEUTENANT KISLER, LIEUTENANT ) | |
| VANAKEN, DEPUTY CHIEF LEGATE, ) | |
| CHIEF RUSSELL IDLE, TAMI ) | |
| MATEJEWSKI, DANIEL KOERNER, ) | |
| JONATHAN FOX, ERIC HANSEN, JASON ) | |
| JORDING, JUDGE CHAD LONG, ) | |
| UNIDENTIFIED STATE'S ATTORNEY ) | |
| OFFICIALS, JOHN DOES 1–5, ) | |
| ) | |
| Defendants. ) | |

ORDER

Before the Court is Plaintiff Brandie Roberts's Emergency Petition for Temporary Restraining Order and Injunctive Relief ("Third Emergency Petition"), ECF No. 34.[2]  Plaintiff's

---

[1] Plaintiff's Emergency Petition for Temporary Restraining Order and Injunctive Relief ("Third Emergency Petition") is unpaginated, so the Court uses the page numbers generated by CM/ECF. *See generally* Third Emergency Pet., ECF No. 34. Plaintiff purports to proceed as the next friend of her minor child, L.S. *Id.* at 1. A parent may not litigate an action *pro se* on her child's behalf. *See, e.g.*, *Foster v. Bd. of Educ. of Chi.*, 611 F. App'x 874, 877 (7th Cir. 2015) (collecting cases). Plaintiff may not premise her requested relief on claims or rights properly belonging to L.S.

[2] As with Plaintiff's first and second requests for emergency and extraordinary equitable relief, ECF Nos. 7, 30, the Court construes Plaintiff's Third Emergency Petition solely as a motion for a preliminary injunction and not an *ex parte* temporary restraining order because Plaintiff did not comply with the requirements of Federal Rule of Civil Procedure 65(b)(1)(B) for proceeding without notice to adverse parties or their attorneys, *see* Oct. 17, 2024 Order 1 n.1, ECF No. 10 (citing First Oct. 16, 2024 Text Order); May 14, 2025 Order 1 n.2, ECF No. 33, and therefore

1

allegations concern the Illinois Department of Children and Family Services ("DCFS") and its employees; the City of Galesburg ("Galesburg") and its police officers, property compliance officers (both identified and unidentified John Does), city manager, and city attorney; state-court Judge Chad Long; as well as unidentified State's Attorney officials. *See, e.g.*, Am. Compl. 1–2, ECF No. 28. Plaintiff alleges that these entities and individuals have engaged in a broad campaign of harassment against her and her minor son, L.S., thereby abusing their positions to undermine her parent-child relationship with L.S. and unlawfully deprive her of her property and rights. *See generally id.* The Court very recently denied a nearly identical request from Plaintiff for failure to show a likelihood of irreparable harm and presumes familiarity with that Order. *See generally* May 14, 2025 Order, ECF No. 33. As most relevant here, the Court could not "find that there [wa]s a likelihood of irreparable harm absent preliminary relief" because "Plaintiff ha[d] not demonstrated what w[ould] even be adjudicated at the May 22, 2025 hearing" concerning a juvenile petition regarding L.S. *Id.* at 4.

The instant filing differs from her last request for extraordinary equitable relief in only one regard: Plaintiff appends a sworn declaration and asserts that she recently learned via her public defender "that the State's Attorney's Office and DCFS intend to request protective custody of [her] son, L.S., if they are successful in their petition currently pending before the [state] court." Decl., Third Emergency Pet. Ex. A, ECF No. 34-2. The Court may properly consider this hearsay in this preliminary posture. *See, e.g.*, *Dexia Crédit Loc. v. Rogan*, 602 F.3d 879, 885 (7th Cir. 2010). But even if the Court were to assume that the State taking protective custody of L.S. would inflict irreparable harm upon Plaintiff, the result is the same—her request for extraordinary equitable relief is denied; this time because she has failed to demonstrate a

---

"[t]he standards for granting a temporary restraining order and a preliminary injunction are the same," *Cassell v. Snyders*, 458 F. Supp. 3d 981, 990 (N.D. Ill. 2020) (quotation marks omitted).

strong showing that she is likely to prevail on the merits of claims that could justify such relief. This Court will not and cannot assume a supervisory role over Illinois's courts and enjoin the ongoing juvenile case. *See Ramos v. Nickerson*, No. 22 C 3426, 2024 WL 2248288, at *5–11 (N.D. Ill. May 17, 2024) (abstaining from exercising jurisdiction over *pro se* plaintiff's constitutional claims that the state was actively interfering with his parent-child relationship).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[A]lthough the party seeking the injunction need not demonstrate likelihood of success by a preponderance of the evidence, that party must nevertheless make a strong showing that reveals how it proposes to prove its case. Similarly, a mere possibility of irreparable harm will not suffice." *Bevis v. City of Naperville*, 85 F.4th 1175, 1188 (7th Cir. 2023) (quotation marks omitted). The irreparable harm inquiry involves considering whether "traditional legal remedies would be inadequate, such that [the movant] would suffer irreparable harm without injunctive relief." *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 843 (7th Cir. 2023). If the movant makes the required showings of likelihood of success and irreparable harm, "the court weighs the harm of denying an injunction to the movant against the harm of granting an injunction to the nonmovant . . . using a sliding scale—the greater the movant's likelihood of success on the merits, the less the harms need be in its favor." *Id.* at 844. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks omitted).

Plaintiff requests that the Court take over certain aspects of the ongoing juvenile case and premises her showing of likelihood of success on the merits solely upon her constitutional claims. Third Emergency Pet. 15–17, 19. She wants to stay hearings, enjoin DCFS to control its litigation conduct, restrain "Judge Long and all Defendants from further participation until conflicts of interest are resolved," and direct that Plaintiff be allowed to temporarily relocate with L.S. to an unspecified location. *Id.* This expansive suite of relief runs headlong into a variety of doctrinal barriers. Start with sovereign immunity—the Eleventh Amendment prohibits the Court from enjoining DCFS directly; only specific officers in their official capacities are the proper targets of this injunctive relief. *See, e.g.*, *Brunken v. Lance*, 807 F.2d 1325, 1329 (7th Cir. 1986). Plaintiff's Third Emergency Petition requests that DCFS as an entity be enjoined, Third Emergency Pet. 19, and her Amended Complaint pursues individual capacity suits against DCFS employees, not official capacity suits, *see, e.g.*, Am. Compl. 1, 5–6. As to Judge Long, nearly all of Plaintiff's claims against him are asserted via 42 U.S.C. § 1983, *see id.* at 20–25, 71–75, 94–97, 100–03,[3] 125–28, 131–32, and Judge Long could only be enjoined under § 1983 if "a declaratory decree was violated or declaratory relief was unavailable." *File v. Martin*, 33 F.4th 385, 391 (7th Cir. 2022) (quoting 42 U.S.C. § 1983). Plaintiff makes no allegations that would satisfy that narrow exception under § 1983. To the extent that Plaintiff seeks this relief against the other Defendants named in her Amended Complaint, her requests are so sweeping and

---

[3] Plaintiff asserts a standalone claim for "Injunctive Relief to Stop the Juvenile Petition & Future Interference" against Judge Long which invokes the Constitution as well as federal statutes. Am. Compl. 100–03. As the Court's forthcoming merit review will more fulsomely address, Plaintiff's claim under the Americans with Disabilities Act ("ADA") against Judge Long must arise under Title II, 42 U.S.C. §§ 12131–12134, because it concerns the "benefits of the services, programs, or activities of a public entity," specifically state courts. 42 U.S.C. § 12132. This claim fails because Judge Long is sued in his individual capacity, Am. Compl. 2, and suits under Title II of the ADA are permitted only against public entities, not individuals, *see United States v. Georgia*, 546 U.S. 151, 154 (2006); *Brewer v. Wis. Bd. of Bar Examiners*, 270 F. App'x 418, 421 (7th Cir. 2008) ("ADA claims against individual defendants in their individual capacity must fail because the [ADA] authorizes suits only against public entities."). And her claim under the Rehabilitation Act, 29 U.S.C. § 794, fails because she does not allege that Judge Long is a recipient of federal funds. *See Cesca v. W. Ill. Univ. Bd. of Trs.*, 716 F. Supp. 3d 696, 706 (C.D. Ill. 2024).

unspecific that the Court cannot contemplate how its Order could comply with Federal Rule of Civil Procedure 65(d)(1)'s requirement that an injunction "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required."

Even if these drafting defects could be cured, Plaintiff's requested relief is flawed at its core because she seeks intrusion by a federal court into an ongoing family-law case. The adjudication of Plaintiff's requests "threaten[s] interference with and disruption of local family law proceedings—a robust area of law traditionally reserved for state and local government—to such a degree as to all but compel the federal judiciary to stand down." *J.B. v. Woodard*, 997 F.3d 714, 723 (7th Cir. 2021). Even if the precise application of certain abstention doctrines—specifically *Younger* abstention, *Rooker-Feldman* abstention, and the domestic-relations exception to federal jurisdiction—is somewhat unclear given Plaintiff's conclusory allegations and incomplete narrative, it is facially apparent that "[t]he abstention doctrines' underlying principles of comity, equity, and federalism counsel [the Court] to abstain from exercising jurisdiction over [Plaintiff]'s § 1983 claims." *Id.* at 724; *see also Ramos*, 2024 WL 2248288 at *8–10. Simply put, this Court cannot take over L.S.'s juvenile case based upon this undeveloped and preliminary record.

The Court finds that Plaintiff has not demonstrated a strong likelihood of success on the merits and the Emergency Petition for Temporary Restraining Order and Injunctive Relief, ECF No. 34, is accordingly DENIED.

Entered this 19th day of May, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE